963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
John W. JOHNSON, Defendant-Appellant.
 No. 90-1873.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 7, 1991
Decided: May 26, 1992
 
 William P. Sheffield, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Jerry W. Kilgore, Assistant United States Attorney, Abingdon, Virginia, for Appellees.
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 After the Agricultural Stabilization and Conservation Service ("ASCS") imposed a penalty on John W. Johnson for falsely identifying 7,297 pounds of tobacco, the government filed an action against Johnson to recover the penalty. The magistrate judge ordered Johnson to pay the penalty and he appealed, claiming that the penalty should have been reduced by 2200 pounds. We find no merit to Johnson's contentions; consequently, we affirm the magistrate judge's order.
 
 
 2
 Johnson challenges the magistrate judge's finding that 2200 pounds of the tobacco for which the penalty was imposed was falsely identified. In a bench trial, a judge's findings of fact may not be set aside unless clearly erroneous. Fed. R. Civ. P. 52(a); Pullman-Standard, Div. of Pullman, Inc. v. Swint, 456 U.S. 273 (1982).
 
 
 3
 Under the Agricultural Adjustment Act of 1938, 7 U.S.C. §§ 12811393, the federal government imposes quotas limiting the amount of burley tobacco that may be grown on any farm. To ensure compliance with quotas, a marketing card is issued for each farm, indicating the maximum number of pounds of tobacco that can be marketed each year. Federal regulations prohibit the marketing of tobacco under a marketing card for any farm other than the one on which the tobacco was grown. 7 C.F.R. § 723.*
 
 
 4
 In 1981, Johnson sold 7,297 pounds of burley tobacco on the marketing card for Farm No. 6263. However, no tobacco was grown on that farm in 1981. When ASCS was conducting an investigation of the incident, Johnson told the agency that in the 1981-1982 marketing year, all the tobacco he sold on Farm No. 6263's marketing card had been grown on Farm No. 1409 and that he thought this was permissible because he owned both farms. ASCS assessed a penalty against Johnson. The government filed an action in the district court under the Agricultural Adjustment Act of 1939, seeking to enforce the penalty.
 
 
 5
 At trial, Johnson did not present any evidence, but argued that the penalty should be reduced, claiming that ASCS erroneously put Farm No. 4065's marketing quota on Farm No. 6263's marketing card and that 2200 pounds of the tobacco he sold on that marketing card was from Farm No. 4065. The magistrate judge found that regardless of where the tobacco had been produced, it had not been produced on Farm No. 6263 and therefore the penalty should stand.
 
 
 6
 The regulations in place in 1981 stated that "[f]alse identification occurs if ... [t]obacco was marketed or was permitted to be marketed in any marketing year as having been produced on the acreage allotment for any farm which [sic], in fact it was produced on another farm." 7 C.F.R. § 726.51(k)(1). The marketing card for Farm No. 6263 also included a clear warning against false identification: "DO NOT USE this card to market tobacco that was not produced on the farm for which this card was issued."
 
 
 7
 Johnson admits that none of the tobacco sold on Farm No. 6263's marketing card was grown on that farm. The magistrate judge concluded that Johnson falsely identified the tobacco he claimed was grown on Farm No. 4065 as being from Farm No. 6263. This finding was not clearly erroneous. Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In 1981, this prohibition was found in 7 C.F.R.s 726. In 1990, § 726 was removed and consolidated with 7 C.F.R. § 723. 55 Fed. Reg. 33,913 (Oct. 1, 1990)